WARNER v. WARNER.

Deeds—Validity—Exclusion of Children.

    A deed will not be set aside after the grantor's death because it disposes of his property to the exclusion of his children, where it appears that he was of sound mind at the time, and was not subjected to undue influence.

Appeal from Monroe; Kinne, J. Submitted January 25, 1899. Decided March 6, 1899.

Bill by George A.. Warner and others against Ellen Warner and Annie B. Peters to set aside certain deeds. From a decree dismissing the bill, complainants appeal. Affirmed.

*Ira G. Humphrey* and *Willis Baldwin,* for complainants.

*Charles A. Golden,* for defendants.

Long, J. This bill is filed by the complainants, who are children of E. J. Warner, deceased, to cancel certain deeds made by their father, in his lifetime, to Ellen Warner and Annie B. Peters. Complainants claim that Ellen Warner was never legally married to E. J. Warner, while the defendants claim that there was a legal marriage. We think the proofs show that there was a legal marriage. It appears that Ellen Warner had formerly lived with a man by the name of Comstock, but no marriage relations seem to have been entered into between them. Mr. Warner's wife died, and soon after he was married to Ellen Warner. The other defendant is a daughter of Mr. Warner, and is a sister of the complainants. Mr. Warner had 11 children by his first marriage, 10 of whom are now seeking to set aside these conveyances

on the ground of undue influence, and also upon the ground that the father was mentally incompetent to make them. The property is of the value of about $4,000. The court below was of the opinion that the complainants had wholly failed to make out a case, and dismissed the bill.

There are no questions of law involved, and it would be of no profit to the parties or to the profession to set out the testimony, or any portion of it, upon which the complainants rely to support their bill. All the deeds made were recorded, either upon the day they were executed or within a few days thereafter. Mr. Warner, at the time of his death, was 59 years of age, and his wife, Ellen, was 48. We think the testimony does not establish the fact of undue influence, nor does it show that Mr. Warner was mentally incompetent to execute the deeds. The court below saw the witnesses, and arrived at the same conclusion. The property all belonged to the deceased, and he had a perfect right to dispose of it in a manner satisfactory to himself, and which he evidently did. While it may be a hardship to the children that their father thus disposed of his property, the courts cannot control the disposition of it, if he was of sound mind at the time, and no undue influence was used to bring about that result.

The decree of the court below must be affirmed, with costs.

The other Justices concurred.